NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1635

_____

PNY TECHNOLOGIES, INC.,
                                        Appellant

v.

NETAC TECHNOLOGY CO., LTD.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-13-cv-06799)
District Judge:  Hon. Stanley R. Chesler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges.*

(Filed: February 10, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

PNY Technologies, Inc. ("PNY") appeals from the District Court's confirmation of an arbitration award and denial of a stay. We see no persuasive reason to second-guess either ruling and will affirm.

## I. BACKGROUND

PNY is a New Jersey-based electronics company that sells, among other things, flash memory devices. Appellee Netac Technology Co., Ltd. ("Netac"), based in the People's Republic of China, is a manufacturer of flash memory devices. In 2006, Netac sued PNY, alleging that certain products PNY sold were infringing one of Netac's U.S. patents. After a lengthy back and forth between the parties, including a settlement agreement and a previous arbitration, PNY filed suit in the United States District Court for the District of New Jersey in 2013. In that suit, PNY alleged that Netac was not entitled to royalties on a certain category of flash devices, known as chip-on-board (or COB) devices, that PNY sold. In December 2015, after the case was initially dismissed without prejudice and subsequently reopened, and after PNY unsuccessfully moved to stay the suit pending the United States Patent and Trademark Office's reexamination of two of Netac's patents, the District Court ordered the parties "to arbitrate Netac's claims seeking royalties for the sale and/or manufacture of royalty producing products[.]" (App. at 30.)

The court-ordered arbitration proceeded before a retired judge in January of 2016. As relevant here, the arbitrator concluded that COB products were not covered by the settlement agreement. PNY thus did not owe royalties on them. The arbitrator

2

nevertheless ruled that PNY owed $2,214,000 in royalties for flash devices that were covered by the settlement agreement. He derived that figure from PNY's sales data. And, in doing so, he rejected PNY's argument that he should have used supply data instead. He also ordered PNY to make quarterly royalty reports to Netac, "consistent with the provisions of the Settlement Agreement." (App. at 10.)

While the arbitration was ongoing, PNY filed a separate lawsuit in federal court in Hawaii, seeking a declaratory judgment that two of Netac's patents are invalid and unenforceable. It also sought a preliminary injunction to enjoin the arbitration from proceeding. The district court in Hawaii denied PNY's request for a preliminary injunction and transferred the action to New Jersey.

The District Court in New Jersey confirmed the arbitration award and denied PNY's motion to stay confirmation until the conclusion of the related declaratory judgment action.

PNY now appeals.

## II.    DISCUSSION[1]

PNY takes issue with two specific rulings in the arbitration award and one discretionary ruling by the District Court. First, PNY argues that the arbitrator's damages figure is "completely irrational." (Opening Br. at 27.) Second, PNY asserts that the arbitrator manifestly disregarded the law in ordering PNY to make quarterly royalty

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and 9 U.S.C. § 10. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D)-(E).

3

reports to Netac.  Finally, PNY argues that the District Court abused its discretion in denying a stay.

"On appeal from a district court's ruling on a motion to confirm or vacate an arbitration award, we review its legal conclusions de novo and its factual findings for clear error."  *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012) (citation omitted).  Review of the arbitration award itself is "extremely deferential[.]" *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003).  Indeed, "we begin with the presumption that the award is enforceable[,]" and "do not entertain claims that an arbitrator has made factual or legal errors."  *Sutter*, 675 F.3d at 219 (citation omitted). Instead, "[a]n award may be vacated only upon one of the four narrow grounds enumerated in the Federal Arbitration Act[.]"[2]  *Id*.

PNY invokes only one of those grounds here.  According to 9 U.S.C. § 10(a)(4), a court may vacate an arbitration award if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  Vacatur on that basis is appropriate only when the arbitrator "decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions,

---

[2] Those grounds are (1) where "the award was procured … by corruption, fraud, or undue means;" (2) where "there was evident partiality … or corruption in the arbitrators[;]"  (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy[,] or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(1)-(4).

or issues an award that is so completely irrational that it lacks support altogether." *Sutter*, 675 F.3d at 219-20 (citation omitted). That standard is, by its terms, very hard to meet, and PNY has failed to do so.

PNY contends that the arbitrator erred by using sales data instead of supply data in arriving at a damages figure. That, however, is precisely the type of decision we have no authority to second-guess under the Federal Arbitration Act. The arbitrator explicitly relied on PNY's sales data and product coding data to calculate damages. It does not matter that using supply data may have been available as an alternate method. It would not even matter at this stage if the sales data were flawed. All that matters is that the arbitrator's decision had some basis in the record. *See Sutter*, 675 F.3d at 220 ("[E]ven serious errors of law or fact will not subject" an arbitrator's award to vacatur.).

PNY next argues that the arbitrator manifestly disregarded the law in ordering that quarterly royalty payments must be made to Netac.[3] Relying on *Lear, Inc. v. Adkins*, 395 U.S. 653, 673 (1969), PNY emphasizes that a licensee cannot "be required to continue to pay royalties during the time they are challenging patent validity in the courts." (Opening Br. at 48 (quoting *Lear*, 395 U.S. at 673).) PNY asserts that it cannot be made to pay royalties until its claims regarding patent invalidity and unenforceability have been

---

[3] PNY attempts to cast this decision as a "permanent injunction" that was outside the scope of the arbitrator's authority to order. It is no such thing. As the District Court correctly observed, ordering the reports was simply a "straightforward declaration of the parties' rights and obligations under the Settlement Agreement." (App. at 10.)

5

adjudicated. But PNY again fails to overcome the stringent standard of review.[4] The arbitrator clearly grappled with the import of the *Lear* decision. He rejected PNY's position and concluded that Netac's arguments were "more persuasive." (App. at 292.) That good faith effort is more than enough to demonstrate that he did not manifestly disregard *Lear*. There is no evidence that the arbitrator "ignor[ed]" a "clearly defined governing legal principle[.]" *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003).[5]

Lastly, PNY contends that the District Court abused its discretion in denying a stay of confirmation until the conclusion of the declaratory judgment litigation. The District Court noted that "[t]he parties have fully and fairly litigated the motion to confirm the arbitration award," and that "[d]elaying a decision that is ready to be made does not promote efficiency." (App. at 12.) That conclusion rests neither on an error of fact nor law, and it was within the Court's sound discretion. *See United States v. Breyer,*

---

[4] Under the manifest disregard theory, a court may vacate an arbitration award "where the arbitrator's decision evidence[s] a manifest disregard for the law rather than an erroneous interpretation of the law." *Dluhos*, 321 F.3d at 370 (internal quotation marks omitted). A party proceeding on that theory "bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003) (citation omitted).

[5] Because we conclude that the arbitrator did not manifestly disregard the law, we need not decide if the "manifest disregard" theory survives as a basis for vacatur after the Supreme Court's ruling in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

6

41 F.3d 884, 893 (3d Cir. 1994) (holding that we review a district court's ruling on a motion to stay for abuse of discretion).[6]

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's confirmation of the arbitration award and denial of a stay.

---

[6] PNY lost its declaratory judgment case, Case No. 19-3403. Several of its claims were dismissed for failure to state a claim or at the summary judgment stage, and its patent unenforceability and patent invalidity claims were dismissed for lack of subject matter jurisdiction. It appealed that suit to this Court, though why it chose to do so is unclear, since we have no jurisdiction over appeals in patent cases. Such appeals must be heard by the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(1). That lack of jurisdiction also precludes us from consolidating the two appeals, as PNY has requested. *See* 20 James Wm. Moore et. al., Moore's Federal Practice § 303.41 (2019) (noting that an appellate court "must have jurisdiction over each matter to be consolidated"). We thus decline to consolidate this appeal with Case No. 19-3403, and will transfer that appeal to the Federal Circuit.

PNY complains that failure to consolidate or stay this case until the conclusion of the declaratory judgment litigation will risk inconsistent judgments. It is not apparent, however, that that is a significant risk. Moreover, PNY appears to be largely responsible for the timeline of events in this drawn-out fight and in fairness can bear what little risk there may be.